# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-60614
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

HANCOCK COUNTY BOARD OF SUPERVISORS,

    Plaintiff

v.

KAREN LADNER RUHR, in her official capacity as Hancock County Circuit Clerk and Hancock County Registrar; ET AL,

    Defendants

JIM HOOD, Attorney General for the State of Mississippi, ex rel. the State of Mississippi.

    Intervenor Defendant

--------------------------------------------------------------------------------

HAZLEHURST, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of themselves and all others similarly situated; NANETTE THURMOND-SMITH,

    Plaintiffs - Appellants

PAMELA JEFFERSON; ROBERT CATCHINGS,

    Movants - Appellants

v.

COPIAH COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; COPIAH COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE; COPIAH COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; COPIAH COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; EDNA STEVENS, in her official capacity as Circuit Clerk,

No. 13-60614

Defendants - Appellees

JIM HOOD,

Intervenor Defendant - Appellee

---------------------------------------------------------------------------------

REVEREND FRANK LEE, on behalf of himself and all others similarly situated; PIKE COUNTY, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants

GREGORY PARTMAN,

Movant - Appellant

v.

PIKE COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; PIKE COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; PIKE COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; ROGER GRAVES, in his official capacity as Circuit Clerk; PIKE COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE,

Defendants - Appellees

JIM HOOD,

Intervenor Defendant - Appellee

---------------------------------------------------------------------------------

SIMPSON COUNTY, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of themselves and all others similarly situated; L. J. CAMPER, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants

LASTER SMITH,

Movant - Appellant

2

No. 13-60614

v.

SIMPSON COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; SIMPSON COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE; SIMPSON COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; SIMPSON COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; CINDY JENSEN, in her official capacity as Circuit Clerk,

　　　　Defendants - Appellees

JIM HOOD,

　　　　Intervenor Defendant - Appellee

--------------------------------------------------------------------------

AMITE COUNTY, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on Behalf of Themselves and all others Similarly Situated; GLENN WILSON, on Behalf of Themselves and all others Similarly Situated,

　　　　Plaintiffs - Appellants

HUGH MCGEE,

　　　　Movant - Appellant

v.

AMITE COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; AMITE COUNTY, MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE; AMITE COUNTY, MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; AMITE COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; SHARON WALSH, in Her Official Capacity as Circuit Clerk,

　　　　Defendants - Appellees

JIM HOOD,

　　　　Intervenor Defendant - Appellee

3

No. 13-60614

-----------------------------------------------------------------------------

WAYNE COUNTY, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of themselves and all others similarly situated; LEAH PARSON, on behalf of themselves and all others similarly situated,

     Plaintiffs - Appellants

JIMMIE GREEN; DAVID JONES,

     Movants - Appellants

v.

WAYNE COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; WAYNE COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE; WAYNE COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; WAYNE COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; ROSE BINGHAM, in her official capacity as Circuit Clerk,

     Defendants - Appellees

JIM HOOD,

     Intervenor Defendant - Appellee

-----------------------------------------------------------------------------

VICKSBURG, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of itself and all others similarly situated,

     Plaintiff - Appellant

FANNIE TONTH,

     Movant - Appellant

v.

WARREN COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; WARREN COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE

4

No. 13-60614

COMMITTEE; WARREN COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; WARREN COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; SHELLY ASHLEY-PALMERTREE, in his official capacity as Circuit Clerk,

       Defendants - Appellees

JIM HOOD,

       Intervenor Defendant - Appellee

--------------------------------------------------------------------------------

ADAMS COUNTY, MISSISSIPPI BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, on behalf of themselves and all others similarly situated; JACQUELINE MARSAW, on behalf of themselves and all others similarly situated,

       Plaintiffs - Appellants

BRENDA PROBY,

       Movant - Appellant

v.

ADAMS COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; ADAMS COUNTY, MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE COMMITTEE; ADAMS COUNTY, MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE; ADAMS COUNTY, MISSISSIPPI BOARD OF ELECTION COMMISSIONERS; EDWARD WALKER, in his official capacity as Circuit Clerk,

       Defendants - Appellees

JIM HOOD,

       Intervenor Defendant - Appellee

—————————————

Appeal from the United States District Court
for the Southern District of Mississippi

5

No. 13-60614

USDC Nos. 1:10-CV-564, 3:11-CV-121, 3:11-CV-122, 3:11-CV-123,
3:11-CV-124, 4:11-CV-33, 5:11-CV-28, 5:11-CV-30

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

This is the second appeal challenging the dismissal of complaints asserting Fourteenth Amendment "one person, one vote" claims against certain Mississippi officials. The underlying complaints arose from the 2011 Board of Supervisors elections in several Mississippi counties. The district court initially dismissed the complaints on the grounds of lack of standing and failure to state a claim upon which relief could be granted, and we vacated the orders dismissing the complaints and remanded for consideration of whether the controversy was moot.[1] The district court then dismissed the complaints on the ground of mootness. For the following reasons, we AFFIRM the orders.

I.

Nine Mississippi counties were involved in the initial appeal: Adams, Amite, Claiborne, Copiah, Pike, Simpson, Warren, Wayne, and Tallahatchie County. All but Tallahatchie County are involved in the instant appeal.[2] Each county in Mississippi maintains five supervisor voting districts, with boundaries established by each county's Board of Supervisors. *See* Miss. Const., art. 6, § 170; Miss. Code ann. §§ 19-3-1, 23-15-281 & -283. The boundaries utilized in the 2011 elections in each county at issue here were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Hancock Cnty. Bd. of Supervisors v. Ruhr*, 487 Fed. App'x 189 (5th Cir. 2012).

[2] The Tallahatchie County case was stayed pending the outcome of this appeal. *See* Consolidation Order in *Winston Cnty. NAACP v. Winston Cnty. Bd. of Supervisors*, ND Civil Action 1:11cv59-MPM-JMV (Nov. 20, 2013).

adopted by their respective Boards following the 2000 decennial census. In the middle of the qualification period for candidates in the 2011 election, in early February 2011, the United States Census Bureau released the 2010 Mississippi county population data. The counties began the process of redrawing voting district lines to correct any malapportionment, but it became apparent that there would not be sufficient time to complete the redistricting process and obtain Department of Justice preclearance in time for the primary elections. Candidate qualifying closed on March 1, 2011, party elections were held in August 2011, and general elections were held in November 2011.

In December 2010, the Hancock County Board of Supervisors ("Hancock County") filed a complaint asserting an equal population vote dilution claim and seeking declaratory judgment and injunctive relief against the Republican Party Executive Committee, the Democratic Party Executive Committee, and Karen Ruhr, the Circuit Clerk and Registrar. In late February 2011, local branches of The National Association for the Advancement of Colored People ("NAACP") and African-American voters brought "one person, one vote" actions in several counties. They requested that the district court enjoin the statutorily mandated qualifying deadline and require the respective Boards to revise all of the targeted counties' voting districts on a fast-track timetable prior to the primary elections. Mississippi Attorney General Jim Hood filed motions to intervene in the cases and motions to consolidate the cases in early March 2011, and these motions were granted.

As discussed in detail in our prior opinion, *Hancock County Board of Supervisors v. Ruhr*, the district court eventually dismissed the complaints for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and alternatively for failure to state a claim upon which relief could be granted under Rule 12(b)(6). 487 Fed. App'x 189 (5th Cir. 2012). While we agreed that the plaintiffs did have standing, we vacated the district court orders dismissing

the complaints and remanded for consideration of mootness. *Id.* at 201. The district court then considered whether the controversy was moot and, finding that it was, dismissed the case. *Hancock Cnty. Bd. of Supervisors v. Ruhr*, 2013 WL 4483376 (S.D. Miss. Aug. 20, 2013). The plaintiffs timely appealed.

## II.

As a general rule, "[t]he requisite personal interest that must exist at the commencement of litigation (standing) must continue through its existence (mootness)." *La. Envt'l Action Network v. City of Baton Rouge*, 677 F.3d 737, 744 (5th Cir. 2012) (citation omitted). Generally, a request for an injunction is moot upon the happening of the event sought to be enjoined. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *La. Envt'l Action Network*, 677 F.3d at 744 (citation omitted). We review questions of federal jurisdiction *de novo*, including arguments that a case or controversy has become moot. *Id*. When the district court does not resolve any disputed facts, we consider the allegations in the complaint as true. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (citation omitted).

Appellants, however, argue that the controversy is live and falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. Under this exception, a party may save an otherwise moot claim by showing that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*. 423 U.S. 147, 149, 96 S. Ct. 347, 349 (1975). The plaintiffs bear the burden of proving both elements. *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 187-88, 99 S. Ct. 983, 992 (1979). Under the "capable of repetition" prong, the plaintiffs "must show either a 'demonstrated probability' or a 'reasonable expectation,'" *Oliver v.*

*Scott*, 276 F.3d 736, 741 (5th Cir. 2002), that they will be subject to the same unlawful governmental action again, *Weinstein*, 423 U.S. at 147, 96 S. Ct. at 348.  A "mere physical or theoretical possibility" is not sufficient to satisfy this prong.  *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183-84 (1982).  We have commented that "a court will only invalidate an election in exceptional circumstances, usually when there has been an egregious defiance of the Voting Rights Act."  *Wilson*, 667 F.3d at 59 (citation omitted).

When this case was first before us, we found that "[b]ased on the record before us . . . we are unable to determine whether this controversy is live" because we "lack[ed] access to factual findings" and "the district court . . . had no opportunity to consider this case in its post-election posture."  *Ruhr*, 487 Fed. App'x at 200.  The district court has since considered mootness on remand and we are able to reach this issue on appeal.  In the district court, appellants' counsel stated that the remedy they were seeking was that they "want the current districts enjoined, election not to be held under the existing benchmark districts because they are grossly malapportioned."  Appellants argued that, had the counties started the redistricting process earlier, there would have been plenty of time between the census and the election to complete it.  Finally, Appellants contended that the same situation giving rise to this action will occur every twenty years, and they will not have time to fully litigate the issue before the election that will occur in 2031, and thus, the case is capable of repetition but will evade review.

As the district court aptly noted, the elections at issue occurred over two years ago, and appellants have presented no evidence that the Mississippi election officials deliberately defied or in the future intend to violate the Voting Rights Act.  Instead, the evidence shows that despite time constraints imposed by Mississippi statutes, Appellees attempted to comply with their redistricting responsibilities.  Moreover, it is apparent that the Department of Justice

preclearance was the primary impediment to the counties' ability to redistrict in time for the 2011 elections, and as the district court aptly noted, this impediment has been removed after the Supreme Court's decision in *Shelby Cnty., Ala. v. Holder*, ___ U.S. ____, 133 S. Ct. 2612 (2013) (finding Section 4(b) of the Voting Rights Act, the coverage formula, unconstitutional and causing no jurisdiction to be subject to Section 5 preclearance until Congress enacts a new coverage formula). Appellants have only shown that the Appellees may have the opportunity to act in the same allegedly unlawful manner in the future, and this is not enough. To satisfy the second prong of the "capable of repetition" exception, Appellants must demonstrate a reasonable expectation that the government *will* act in that manner. *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). We agree with the district court that Appellees have not demonstrated a reasonable expectation that the same circumstances would arise again. Thus, the capable of repetition, yet evading review exception to mootness is not applicable to the claims in this case and the claims are moot.

### III.

Alternatively, Appellants seek the invalidation of the 2011 elections and a new election. The "[i]nvalidation of a past election can, in some instances, be a viable remedy that will save a claim from mootness even if the election has passed." *Id*. However, "invalidation is a[n] extraordinary remedy that can only be employed in exceptional circumstances, usually when there has been an egregious defiance of the Voting Rights Act." *Id*. at 340. Appellants have not asserted factual allegations justifying a special elections remedy; there has been no evidence that the Mississippi county election officials deliberately defied the requirements of the Voting Rights Act or otherwise acted egregiously or in bad faith. We reject Appellants' plea for a new election.

No. 13-60614

IV.

The district court's judgment is **AFFIRMED**.